IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Johnny J. Springs, # 31866,** | C/A No. 4:05-1386-CMC-TER |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Lisa Collins; F. Lee Osteen; Steven D. Schusterman; Beth Tolson; and Jerry Hoffman,** | |
| Defendants. | |

The *pro se* Plaintiff in this case was a state detainee at the York County Detention Center in York, South Carolina, when he filed this complaint.[1] Plaintiff claims Defendants failed to properly investigate the criminal charges against him, and failed to bring him to trial since his arrest on May 6, 2003. Plaintiff also seeks monetary damages as well as an "expression of regret," and psychological counseling. In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an

---

[1] In a letter dated June 23, 2005, received in the Clerk's Office on June 29, 2005, Defendant states that he was being released from the York County Detention Center that same day.

objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

On September 7, 2005, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The court has reviewed the record and the Report and Recommendation of the Magistrate Judge and finds no clear error. Accordingly, it is hereby

**ORDERED** that this action is ***dismissed without prejudice and without issuance and service of process***.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2005

C:\Documents and Settings\guest\Desktop\05-1386 Springs v. Collins, et al. - dism without prej and without service.wpd

2